IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**

**v.**

**CLARENCE MUNDELL III,**

***Defendant.***

**Case No.: 1:17-cr-00386-JRR**

# MEMORANDUM OPINION AND ORDER

Pending now before the court is Defendant Clarence Mundell III's *pro se* motion for various relief at ECF No. 90 (the "Motion") in which he submits requests to vacate and dispose of his sentence, for clemency, for placement on home confinement, and for compassionate release.[1] The court has reviewed all papers; no hearing is necessary. Local Rules 105.6, 207 (D. Md. 2025). For the reasons that follow, the Motion will be denied.

## I. BACKGROUND

On November 16, 2018, Mr. Mundell pled guilty to two counts of interference with commerce by robbery (18 U.S.C. § 1951(a)) and using, carrying, and discharging a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)). (ECF No. 33.) On May 17, 2023, this court subsequently sentenced him to a 168-month term of incarceration. (ECF No. 69.) As of October 2026, Mr. Mundell has served approximately 41 months of his sentence. His projected release date is November 3, 2029.[2] Mr. Mundell noticed an appeal on May 22, 2023. (ECF No. 72.) That appeal remains pending. (ECF No. 77.) At issue here, on June 2, 2025, Mr. Mundell filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside or correct

---

[1] Mr. Mundell's Motion at ECF No. 90 includes a "Supplement Motion to Vacate," a "Supplement Motion for Clemency," a "Supplement Motion for Compassionate Release," a "Supplement Motion for Disposition of Sentence," and a "Supplement Motion for Home Confinement." The court has also reviewed Mr. Mundell's correspondence at ECF No. 91.

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited November 20, 2026); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

sentence. (ECF No. 75 at p. 1.) The court previously dismissed that § 2255 motion without prejudice based on the pendency of his direct appeal. (ECF No. 94.)

On July 23, 2025, Mr. Mundell filed the instant Motion, including his requests to vacate or dispose of his sentence, for clemency, for release on home confinement, and for compassionate release. (ECF No. 90.)

## II. LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "However, Congress created an exception to that general rule when 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Section 3582(c)(1)(A), as amended by the First Step Act, provides in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case.—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Therefore, when considering a motion for compassionate release, the court "must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023) (citing 18 U.S.C. § 3582). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

As the Fourth Circuit has recently summarized:

> The 3553(a) factors include: 1) the nature and circumstances of the offense and history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kinds of sentences available; 4) the kinds of sentences and sentencing ranges for the offense; 5) policy statements by the Sentencing Commission; 6) the need to avoid unwarranted sentencing disparities amongst similarly situated individuals; and, 7) the need to provide restitution to victims of the offense.

*United States v. Wable*, 181 F.4th 441, 446 (4th Cir. 2026). "A district court need not provide an exhaustive explanation analyzing every § 3553(a) factor." *United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021).

Additionally, "a district court is not required to address each of a defendant's arguments when it considers a motion for compassionate release under § 3582(c)(1)." *Id.* The Fourth Circuit has explained:

> Instead, we have explained that "how much of an explanation is required depends upon the narrow circumstances of the particular case." [*Jenkins*, 22 F.4th at 170]. And a district court's explanation that "implicitly respond[s]" to the defendant's arguments or counterpoints will typically be sufficient for purposes of appellate review. *Bethea*, 54 F.4th at 837 (cleaned up). "[T]he touchstone in assessing the sufficiency of the district court's explanation must be whether the district court set forth enough to satisfy our Court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022) (cleaned up).

*United States v. Washington*, 161 F.4th 816, 821 (4th Cir. 2025).

## III. ANALYSIS

Mr. Mundell makes several requests to this court in his present Motion. (ECF No. 90 at p. 1.) First, he moves to vacate or dispose of his sentence primarily based on his claims of innocence and ineffective counsel. *Id.* He similarly moves for a grant of clemency on these same arguments. *Id.* Mr. Mundell also moves for placement on home confinement. *Id.* Finally, Mr. Mundell moves for compassionate release on several bases, most notably an eye injury that he asserts requires medical attention, as well as his family circumstances. (ECF No. 90-1 at p.1.)

### A. Request to Vacate or Dispose of Sentence

On September 17, 2025, this court dismissed Mr. Mundell's § 2255 motion to vacate at ECF No. 75 without prejudice, finding no extraordinary circumstances warranted consideration of his motion while his direct appeal was pending. (ECF No. 94 at p. 1.) Specifically, the court explained that Mr. Mundell's pending direct appeal will address the grounds of his § 2255 motion, which include his arguments of innocence and ineffective counsel. *Id.* In the instant Motion, Mr. Mundell invokes these same arguments as to innocence and ineffective assistance of counsel. (ECF No. 90 at p. 1.) Inasmuch as Mr. Mundell's appeal remains open, his supplemental request that his sentence be vacated will be denied without prejudice for the same reasons set forth in the court's order at ECF No. 94. *See United States v. Conley*, No. 1:15-CR-76, 2023 WL 6612483, at *1 (N.D.W. Va. Oct. 10, 2023) ("Only under 'exceptional circumstances' should motions to vacate or alter sentences be heard during the pendency of a direct appeal." (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939)); *Rivera v. United States*, No. 1:19CR385-1, 2021 WL 12225064 at *1 (M.D.N.C. Nov. 4, 2021), *report and recommendation adopted*, No. 1:19-CR-385-1, 2024 WL 898713 (M.D.N.C. Mar. 1, 2024) ("Where a prisoner files [a motion to vacate] while a direct appeal is pending, the normal practice is to dismiss the § 2255 motion without prejudice to it being refiled once the direct

appeal process has ended.”).[3]

**B. Request for Clemency**

To the extent Mr. Mundell seeks a grant of clemency from the court, he seeks relief this court cannot order. *Rosemond v. Hudgins*, 92 F.4th 518, 525 (4th Cir. 2024) (“The U.S. Constitution bestows solely on the President the ‘Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment.’” (quoting U.S. CONST. ART. II, § 2, cl. 2)); *United States v. Giles*, No. 5:14-CR-00052, 2026 WL 1786316, at *5 (W.D. Va. June 22, 2026), *aff'd*, No. 26-6755, 2026 WL 2583192 (4th Cir. Sept. 1, 2026) (“The President has the sole power to grant pardons and commute sentences, . . . and it is not for the judicial branch to determine the standards for the discretionary granting of clemency or pardon.”) (first quoting *Rosemond*, 92 F.4th at 525; and then citing *Cavazos v. Smith*, 565 U.S. 1, 9 (2011)). Mr. Mundell’s Motion will therefore be denied to the extent it seeks a grant of clemency from this court.

**C. Request for Placement on Home Confinement**

Under 18 U.S.C. § 3582(c)(1)(A), modification of a sentence, such as transition to home confinement, must originate from the Bureau of Prisons. *United States v. Crenshaw*, No. ELH-18-0069, 2025 WL 3260451, at *8 (D. Md. Nov. 21, 2025) (noting “only the BOP has the authority to release a prisoner to home confinement”); *United States v. Dowell*, No. 4:21-CR-00010, 2026 WL 265810 at *2 (W.D. Va. Feb. 2, 2026) (“To the extent that [the] request is made outside the context of compassionate release and is simply a request to serve the remainder of his sentence on home confinement, a letter motion with this court is not the appropriate vehicle for seeking that relief.”). Mr. Mundell’s request for home confinement raised with this court will thus be denied. Nonetheless, because the court “could achieve the

[3] Because Mr. Mundell’s Motion for Habeas Corpus at ECF No. 96 raises these same arguments to vacate his “unlawful sentence,” it will also be denied.

same result by reducing a defendant's sentence to time-served and then imposing home confinement as a condition of supervised release," *Crenshaw*, 2025 WL 3260451, at *8, the court proceeds to consider Mr. Mundell's request for compassionate release.

**D. Motion for Compassionate Release**[4]

In general, "the district court enjoys broad discretion in conducting § 3582(c)(1)(A) analysis." *Jenkins*, 22 F.4th at 169. Nonetheless, as discussed above, "[t]o be eligible, the court must find that relief is warranted because of 'extraordinary and compelling reasons' and 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024) (quoting *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021)). "Extraordinary and compelling reasons," while not defined by Congress, is a "demanding standard," and the "criteria are not empty vessels." *Fernandez v. United States*, 608 U.S. 411 (2026).

The Policy Statement at issue is codified at U.S.S.G. § 1B1.13 and titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)." Section 1B1.13(b) specifically pertains to "extraordinary and compelling reasons" and identifies multiple bases for finding such extraordinary and compelling reasons. Relevant here, extraordinary and compelling reasons may exist based on the medical circumstances of the defendant. U.S.S.G. § 1B1.13(b)(1). Extraordinary and compelling reasons may also exist based on the family circumstances of the defendant, where, for example, there has been "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or

[4] The court has also reviewed Mr. Mundel's separately filed "Motion for Compassionate Release" at ECF No. 98 wherein he reasserts his arguments regarding his unlawful sentence and ineffective counsel and asserts again that he is entitled to compassionate release. Mr. Mundell's motion at ECF No. 98 raises concerns regarding "conditions" for which he needs medical care, specifically "for [d]ental care, [ophthalmology] care, hearing aids, [and] ch[iropracty]," but fails to provide sufficient detail for this court to determine that his conditions or associated (asserted) lack of care rise to the level of extraordinary and compelling reasons justifying compassionate release. Mr. Mundell also cites a number of Bible passages he contends offer extraordinary and compelling reasons to justify his release, which the court does not find legally relevant. Accordingly, the Motion for Compassionate Release at ECF No. 98 will also be denied for the reasons set forth herein.

a medical condition." U.S.S.G. § 1B1.13(b)(3)(A). Finally, the court may also find extraordinary and compelling reasons based "other reasons," meaning "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons" otherwise identified "are similar in gravity to those" other reasons. Of note, though not sufficient on its own, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

Based on the record before the court, the court observes that Mr. Mundell's compassionate release request must be denied for failure to exhaust administrative remedies. Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to file a motion for compassionate release after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has explained:

> [T]he threshold requirement in § 3582(c)(1)(A) is non-jurisdictional and satisfied if a defendant requests the Bureau of Prisons to bring a motion on their behalf and *either* fully exhausts all administrative rights to appeal the Bureau's decision *or* waits 30 days from the date of their initial request to file a motion in the district court.

*United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (emphasis in original).

In the instant case, Mr. Mundell provides no support or documentation to demonstrate he has exhausted his administrative rights on either basis. Mr. Mundell's compassionate release request must therefore be denied on that basis. Nevertheless, for completeness, the court also considers the merits of his request.

### *1. Medical Circumstances of the Defendant*

A defendant's medical circumstances can rise to the level of extraordinary and compelling reasons for release when the defendant can demonstrate:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. "suffering from a terminal illness," "a serious physical or medical condition.

U.S.S.G. § 1B1.13(b)(1).

The court construes the Motion to include argument that Mr. Mundell raises extraordinary and compelling reasons based on § 1B1.13(b)(1)(B). Specifically, Mr. Mundell's primary medical claim relates to an eye injury that incurred prior to his incarceration for which he contends he has received inadequate care. (ECF No. 90 at p. 1.) He asserts that he has requested to see an ophthalmologist multiple times without success. *Id.* Mr. Mundell's contentions are not supported by medical records or documentation; thus, the court is unable to discern the nature or severity of his condition, or compare the care he has received (or not received) against that contextual backdrop of his medical condition. *See United States v. Melvin*, No. 23-6011, 2023 WL 5974872 at *2 (4th Cir. Sept. 14, 2023) ("The defendant seeking compassionate release bears the burden of showing that extraordinary and compelling

reasons warrant a sentence reduction."); *United States v. Maldonado-Guillen*, No. 514CR00072KDBDSC, 2021 WL 2593807, at *2 (W.D.N.C. June 24, 2021) ("Because it is a defendant's burden to show that extraordinary and compelling reasons warrant his release, numerous courts have denied compassionate release motions without prejudice when a defendant has failed to substantiate his claims of medical diagnoses with the appropriate medical records.").

Further, while facing delays in medical care is understandably frustrating, "not all delays warrant . . . [compassionate] relief." *United States v. Simmons*, No. CR ELH-20-0451, 2025 WL 1359210, at *13 (D. Md. May 9, 2025) (citing *United States v. Bailey*, No. CR 19-391 (JDB), 2025 WL 1114185, at *8 (D.D.C. Apr. 15, 2025)). In determining a delay's severity, courts consider "several factors, including the length of delay, repetition of delays, nature of the delayed treatment, and explanation." *Id.* As discussed above, Mr. Mundell has not included medical or Bureau of Prison records with his Motion, so the court is unable to make such an assessment. Mr. Mundell therefore has not met his burden to show that these asserted delays constitute an extraordinary and compelling reason for compassionate release.

Mr. Mundell's additional medical claims are similarly unsupported by documentation. His claims of being "catastrophically disabled," while sympathetic, lack the necessary detail to enable this court to make a determination according to the legal standards described above. (ECF No. 90 at p. 2.) *See Melvin*, 2023 WL 5974872 at *2; *Maldonado-Guillen*, 2021 WL 2593807 at *2, *supra*. Mr. Mundell's motion for compassionate release on the grounds of medical circumstances will therefore be denied.

***2. Family Circumstances***

Mr. Mundell additionally contends that his family circumstances warrant compassionate release. (ECF No. 90 at p.1.) Mr. Mundell states his children miss him deeply and his father needs his help. *Id.* Family circumstances can justify compassionate release

when, most relevant to Mr. Mundell's Motion, "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition," and "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3).

In the Motion, there is no indication that the caregiver of Mr. Mundell's children has suffered from death or incapacitation. Further, "[u]nfortunately, it is the case with many families where one parent is imprisoned," the children are "cared for by the non-incarcerated parent," and thus "those circumstances simply cannot be considered as extraordinary." *United States v. Pilgrim*, No. 3:19CR50-01, 2021 WL 2003548, at *3 (E.D. Va. May 19, 2021). Mr. Mundell has thus not shown extraordinary and compelling reasons on this basis.

With regard to his father, Mr. Mundell again fails to provide sufficient information upon which to support his assertion of an extraordinary and compelling circumstance. Consistent with the relevant provision of U.S.S.G. § 1B1.13(b), for Mr. Mundell's family circumstances to constitute an extraordinary and compelling reason for release, he must show his father is "incapacitated," and that he is his father's "only available caregiver." *See* U.S.S.G. § 1B1.13(b)(3); *United States v. Burney*, No. CR ELH-15-0305, 2026 WL 1541155, at *13 (D. Md. June 1, 2026) (holding that "under this section, a court examines: (1) The parent's incapacitation; and (2) whether the defendant is the only available caregiver"). Mr. Mundell has shown neither. *See Burney*, 2026 WL 1541155, at *13 (citation modified) (noting that courts "have interpreted incapacitation in this context to mean that the individual is 'completely disabled' and 'cannot carry on any self-care' or 'is totally confined to a bed or chair'") (quoting *United States v. Howard*, NJR-21-30187-1, 2025 WL 1684262, at *2 (S.D. Ill. June 16, 2025)); *United States v. Foster*, No. 1:10-CR-00644-JRR, 2026 WL 3091240 at *6 (D. Md. Oct. 16, 2026) (finding no extraordinary and compelling reasons based on declining health of

defendant's mother where there other caregivers were available); *United States v. Roark*, No. CR RDB-11-547, 2026 WL 2128447 at *4 (D. Md. July 24, 2026) (holding defendant's parent's future care needs insufficient to establish incapacitation).

***3. Prison Conditions***

Mr. Mundell also contends the conditions of his incarceration have caused him to suffer "[p]hysically, [m]entally [and] [e]motionally." (ECF No. 90 at p. 2.) Prison conditions are not among the listed grounds for compassionate release in U.S.S.G. § 1B1.13(b). Nonetheless, the court considers this argument in the context of the "other reasons" provision of U.S.S.G. § 1B1.13(b)(5). *See United States v. Anderson*, No. 2:98CR143, 2025 WL 1644020 at *7 (E.D. Va. June 10, 2025) ("[F]actors other than those expressly listed in the Guidelines Policy Statement can constitute an extraordinary and compelling reason for compassionate release, so long as they are, by themselves or in combination, of a similar gravity as those already described as 'extraordinary and compelling.'"). Mr. Mundell does not provide adequate detail to allow the court to determine the prison conditions amount to extraordinary and compelling reasons for compassionate release. To the extent prison conditions he is living under are harsh, "harsh conditions in a BOP facility alone do not create an extraordinary and compelling reason for release." *United States v. Ogun*, 657 F. Supp. 3d 798, 810 (E.D. Va. 2023). *See also United States v. Sosonko*, No. CR ELH-15-0261, 2024 WL 3618670 at *14 (D. Md. Aug. 1, 2024), *aff'd*, No. 24-6916, 2025 WL 325641 (4th Cir. Jan. 29, 2025) ("[T]he revised guidelines do not contemplate that prison conditions can be a ground for a sentence reduction." (citing *United States v. Young*, MFU-16-10, 2023 WL 8722060, at *4 (W.D. Va. Dec. 18, 2023))).

***4. Rehabilitation***

Finally, Mr. Mundell contends he has made positive efforts at rehabilitation while incarcerated, such as staying out of trouble and writing "over sixty fiction novels." (ECF No. 90 at p. 1.) While rehabilitation of the defendant "may be considered in combination with other

circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted," *see* U.S.S.G. § 1B1.13(d), rehabilitation on its own is not sufficient to qualify as an extraordinary and compelling reason. 28 U.S.C. § 994(t); *see United States v. Horton*, No. 1:22-CR-00196-JRR-1, 2025 WL 2144852 (D. Md. July 29, 2025) (finding that defendant's participation in "various institutional programs" while incarcerated to be "commendable" but "insufficient" on its own to justify compassionate release); *United States v. Burton*, No. 1:22-CR-00296-JRR, 2026 WL 3089994 at *8 (D. Md. Oct. 16, 2026) ("[R]ehabilitation on its own is not enough to qualify as an extraordinary and compelling reason.") Mr. Mundell's work in prison, both on personal betterment and creative endeavors, is commendable but does not alone support compassionate release. As Mr. Mundell's other theories of compassionate release are similarly unpersuasive, his Motion will be denied.

## IV. CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, it is this 20th day of November 2026,

**ORDERED** that Mr. Mundell's Motion for Relief (ECF No. 90), Motion for Habeas Corpus (ECF No. 96), and Motion for Compassionate Release (ECF No. 98) shall be, and are hereby, **DENIED.**

Madam Clerk shall transmit a copy of this memorandum opinion and order to Mr. Mundell.

/S/

______________________________

Julie R. Rubin
United States District Judge